PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH ZINO, JR., *et al.*, ) | |
| ) | CASE NO. 5:11CV01676 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WHIRLPOOL CORPORATION, *et al.*, ) | |
| ) | **ORDER** [Resolving ECF Nos. 139 and |
| Defendants. ) | 186] |

The Court is presented with two motions to strike. The first motion was filed by Plaintiffs ("Plaintiffs' motion") and seeks to strike the testimony and opinions of Defendants' expert Mark Hall. ECF No. 139. The second motion was filed by Defendants ("Defendants' motion") and seeks to strike Plaintiffs' response to Defendants' notice of supplemental authority. ECF No. 186. For the reasons provided below, Plaintiffs' motion is denied, in part, and Defendants' motion is denied in its entirety.

## I. Plaintiffs' Motion to Strike (ECF No. 139)

Plaintiffs move to strike "from the record in the summary judgment proceedings and to exclude further use of" the testimony and opinions of Defendants' expert Mark Hall. Plaintiffs' reasons are that the testimony and opinions (1) do not meet the standards for expert opinions under Fed. R. Civ. P. 702; (2) are outside of Hall's area of expertise; (3) are unreliable; (4) are based on flawed methodologies; (5) did not comply with the requirements for expert reports set forth in Fed. R. Civ. P. 26(a)(2)(B); and (6) are untimely. ECF No. 139 at 1. Defendants have filed a response, ECF No. 157, to which Plaintiffs have filed a reply, ECF No. 163.

Defendants' expert Mark Hall's report is submitted by Defendants in support of their claim that even if the class members were granted lifetime rights to retirement healthcare benefits, Defendants may nonetheless make reasonable modifications to those benefits in accordance with Sixth Circuit case law. ECF No. 156 at 26. Hall's report purports to show that the modifications Defendants plan to make in 2014 are reasonable. *See* ECF No. 137-4 at 5.

Insofar as Plaintiffs move to strike Hall's report from the summary judgment proceedings, the motion is denied as moot. As will be explained in greater detail in the Court's memorandum of decision resolving the cross-motions for summary judgment, the Court will not, at this juncture, decide Defendants' reasonableness argument (as a matter of law or fact) because, at the threshold, a genuine issue of material fact exists as to whether most class members' are entitled to lifetime healthcare benefits. Given the complexities attendant to Defendants' reasonableness argument, the vesting question should be decided before the issue of reasonableness is addressed. To the extent that Plaintiffs move to exclude Hall's report from the remainder of the proceedings, the Court will reserve its ruling until such time as it becomes necessary.

For the foregoing reasons, Plaintiffs' motion to strike is denied, in part.

## II. Defendants' Motion to Strike (ECF No. 186)

Defendants move to strike Plaintiffs' response (ECF No. 185) to Defendants' notice of supplemental authority (ECF No. 180). Defendants argue that the response exceeds the number of words allowed by Fed. R. App. P. 28(j) and improperly restates the arguments made in support of Plaintiffs' motion for summary judgement. ECF No. 187 at 1. Plaintiffs filed an opposition to Defendants' motion. ECF No. 189. The docket does not show that Defendants filed a reply.

The following reasons counsel in favor of denying Defendants' motion. First, the 350-word limit set forth in Fed. R. App. P. 28(j) for supplemental authorities applies to federal courts of appeal, not district courts. Second, as Defendants concede, Plaintiffs' response "rehash[es] the arguments already presented in their Motion for Summary Judgment . . . ." ECF No. 187 at 2. Thus, there is no harm requiring the Court to expend more judicial resources to determine whether Plaintiffs' response should be allowed. Third, and relatedly, the Court did not rely on Plaintiffs' response in deciding the cross-motions for summary judgment, and, to the extent that any part of the Court's decision overlaps with the pleading, it is purely coincidental.

Defendant's motion to strike is therefore denied.

IT IS SO ORDERED.

| | |
|---|---|
| August 26, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |