PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ZINO, JR., *et al.*, | ) | |
| | ) | CASE NO. 5:11CV01676 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WHIRLPOOL CORPORATION, *et al.*, | ) | |
| | ) | **ORDER** [Resolving ECF Nos. 202, 229, |
| Defendants. | ) | 262] |

Several pre-trial motions are pending before the Court.  The Court reserved ruling until after the conclusion of the five-day bench trial on Phase One of the outstanding issues in this dispute over the fate of company-paid health benefits for Retirees.  The Court turns to these motions below.

### A.

Retirees filed a motion to clarify the scope of the trial and a memorandum in support.  ECF Nos. 202, 203.  Whirlpool filed a "corrected" response, ECF No. 209, to which Retirees filed a reply, ECF No. 211.

Retirees contend that "Whirlpool is of the view that the Court is obliged to revisit at trial the many rulings set forth in" its summary judgment ruling, that this is precluded by the law of the case doctrine, and that the Court should "clarify that it already has decided each of the issues identified below [by Retirees], that these decisions are now law of the case, and that it will not be revisiting these matters at the forthcoming trial."  ECF No. 203 at 2.

The law of the case doctrine is a flexible doctrine which "does not limit the tribunal's power" and it is directed at a trial court's discretion.  *Schachner v. BCBS Ohio*, 77 F.3d 889, 894 (6th Cir.

1996)  At trial, the Court exercised its discretion to permit *both* parties wide latitude in the presentation of evidence, including evidence on issues previously addressed by the Court in its summary judgment ruling, in anticipation that new evidence might warrant new analysis of issues previously addressed.  After trial, the Court's trial ruling addressed many same or similar issues that were addressed in the summary judgment proceedings.

Therefore, Retirees' motion is denied.

**B.**

Whirlpool filed a motion *in limine* for leave to present evidence that supplements, explains, and/or contradicts the testimony of its Rule 30(b)(6) witnesses, Timothy Schiltz and Edward Mohr, and a brief in support.  ECF Nos. 229, 230.  Retirees filed a response.  ECF No. 233.

Whirlpool states that this motion is filed in anticipation of Retirees' attempt to "bar Whirlpool from introducing evidence that differs from the testimony offered by its Rule 30(b)(6) designees."  ECF No. 230 at 1.  Courts have stated that the testimony of a Rule 30(b)(6) designee "is not tantamount to a judicial admission and does not unequivocally bind the corporation to the exclusion of other evidence that may explain or explore that testimony." *See, e.g.*, *Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.*, No. 2:09CV1081, 2013 WL 1791083 at *11 (S.D. Ohio April 26, 2013) (internal quotations omitted).

As discussed, the Court permitted both parties wide latitude to present evidence as trial.  Moreover, Retirees did not attempt to bar Whirlpool from introducing evidence that supplements, explains, and/or contradicts the testimony of Schiltz and Mohr.

Whirlpool's motion is therefore denied as moot.

## C.

Retirees filed a motion for an order requiring Whirlpool to proffer evidence regarding an issue reserved for trial on Phase Two of the proceedings–a trial which has not yet occurred.  ECF No. 262.  Whirlpool filed a response, ECF No. 279, and Retirees filed a reply, ECF No. 286.

Phase Two will resolve the question of whether Whirlpool may unilaterally reduce the retiree health benefits that the Court has held to be vested for life.  Retirees seek an order for Whirlpool to produce evidence that it *may* unilaterally reduce lifetime retiree health benefits; Retirees would then like the Court to "determine whether it has sufficient evidence to decide the . . . issue without the necessity of an additional hearing or trial."  ECF No. 262.

Retirees' motion is denied.  Significantly, the Court ordered trial in this matter to be separated into different phases at *Retirees' request* and over Whirlpool's opposition.  *See* ECF Nos. 194, 198.  Retirees may not now change course because it is expedient for them to do so and possibly cause prejudice to Whirlpool.  Indeed, Whirlpool states that they "were careful to exclude at trial (and in their proposed findings of fact and conclusions of law), to the extent possible, any evidence or testimony" relating to Phase Two.  ECF No. 279 at 3.  Whirlpool is entitled to a trial on Phase Two, a trial that *Retirees wanted*, and in which Retirees, not Whirlpool, bears the burden of proof.

3

(5:11CV01676)

## D.

Based on the foregoing, the Court denies Retirees' motion to clarify the scope of trial (ECF No. 202), denies Whirlpool's motion *in limine* as moot (ECF No. 229), and denies Retirees' motion requiring Whirlpool to proffer evidence (ECF No. 262).


IT IS SO ORDERED.


 September 19, 2014                                               */s/ Benita Y. Pearson*             
Date                                                            Benita Y. Pearson
United States District Judge

4